UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THOMAS A. CASS,<br><br>        Plaintiff,<br>v.<br><br>JD and MCD, LLC, doing business as VISITING ANGELS LIVING ASSISTANCE SERVICE, et al.,<br><br>        Defendants. | Case No. 2:16-cv-00110-GMN-PAL<br><br>**ORDER**<br><br>(Mots. Ext. Time – ECF Nos. 6–7) |

  This matter is before the court on Plaintiff Thomas A. Cass' Motions to Extend Time (ECF Nos. 6–7). These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

  Mr. Cass is proceeding in this civil rights action *pro se* and *in forma pauperis*. This case arises from his allegations that defendants' actions violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x. Upon initial review of the complaint, the court determined that it stated an actionable claim for a violation of 15 U.S.C. § 1681w(a)(1). *See* Screening Order (ECF No. 2). Mr. Cass was informed that service must be accomplished by May 29, 2017, pursuant to Rule 4 of the Federal Rules of Civil Procedure.[1] *Id*. The court also entered an Order (ECF No. 5) directing him to file a certificate of interested parties no later than April 14, 2017.

  Mr. Cass' motions request additional time to file a certificate of interested parties and to serve defendants. He filed his Certificate of Interested Parties (ECF No. 9) on the same day as the motions. The court will therefore grant his request and consider his certificate timely filed in compliance with the court's Order (ECF No. 5).

---

[1] Any references to a "Rule" or the "Rules" in this Order refer to the Federal Rules of Civil Procedure.

1

Rule 4(m) states a defendant must be served within 90 days after a complaint is filed. *Id.* The rule also provides that a court must extend the time for service for an appropriate period if a plaintiff shows good cause for his failure to timely serve the complaint. *Id.* As a general matter, a showing of good cause requires more than simple inadvertence, mistake of counsel, or ignorance of the procedural rules. *Martin v. Longbeach*, 246 F .3d 674 (9th Cir. 2000).

With regard to service, Mr. Cass states that defendants' counsel declined his request to waive service of the summons and complaint because it failed to comply with Rule 4. *See* Mot. (ECF No. 7), Ex. A at 5. Defendants are aware of the pending lawsuit; thus, Cass asserts that an extension will not prejudice them. The court finds that Mr. Cass has shown good cause to extend the time for service. His motion has been pending for several months; however, no waivers or other proof of service has been filed in this time. Pursuant to Rule 4(m), the deadline to accomplish service on defendants is extended until January 15, 2018. Plaintiff's failure to comply with this Order by serving defendants by January 15, 2018, will result in a recommendation to the district judge that this case be dismissed without prejudice.

Accordingly,

**IT IS ORDERED**:

1. Plaintiff Thomas A. Cass' Motions to Extend Time (ECF Nos. 6–7) are **GRANTED**.
2. The Clerk of the Court shall REISSUE SUMMONS to Defendants JD and MCD, LLC, doing business as Visiting Angels Living Assistance Service, Michael Di Asio, and Jacqueline Di Asio.
3. Pursuant to Rule 4(m), the deadline to accomplish service on Defendants is extended until **January 15, 2018**.
4. Mr. Cass' failure to comply with this Order by serving Defendant by **January 12, 2018**, will result in a recommendation to the district judge that this case be dismissed without prejudice.

Dated this 15th day of December, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE